**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

KAYLA RAINEY; SARA WAKELY; RAISA ALMADA; LEIGH ANNE LAPP; KATHLEEN LEIVIAN; KATHERINE POWELL; DEBORAH LASCHINGER; DARLENE KREDER; ANNE RIVARD; BRIDGETTE MCGURN; and ALEXANDRIA LASCHINGER, individuals

 Plaintiff(s),

v.

WESTMINSTER PUBLIC SCHOOLS
KIRCHERS LEDAY, in his personal and official capacity as Chief of Staff, Human Resources Department

 Defendant(s).

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiffs, Kayla Rainey ("Ms. Rainey"); Sara Wakely ("Ms. Wakely"); Raisa Almada ("Ms. Almada"); Leigh Anne Lapp ("Ms. Lapp"); Kathleen Leivian ("Ms. Leivian"); Katherine Powell ("Ms. Powell"); Deborah Laschinger ("Ms. D. Laschinger"); Darlene Kreder ("Ms. Kreder") Anne Rivard ("Ms. Rivard"); Bridgette McGurn ("Ms. McGurn"); and Alexandria Laschinger ("Ms. A. Laschinger") (collectively, "Plaintiffs"), individually, hereby respectfully files this action against Defendant Westminster Public Schools ("District") and Defendant Kirchers Leday, in his personal and official capacity ("Leday") (collectively, "Defendants") through the undersigned counsel of record Kishinevsky & Raykin, Attorneys at Law, and states on information and belief as follows. This action seeks appropriate declaratory and injunctive relief and damages and costs.

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises under 42 U.S.C. § 2000e Title VII of the Civil Rights Act of

1

1964, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution.

2. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Plaintiff Rivard is a resident of Wisconsin, Plaintiff A. Laschinger is a resident of Arizona, and all other Plaintiffs are residents of Colorado.

4. Defendant Westminster Public Schools is a school district in Adams County, Colorado.

5. On information and belief, Defendant Kirchers Leday is a resident of Colorado.

6. The wrongful acts alleged by Plaintiffs occurred in whole or in part in Adams County, Colorado.

7. Venue is proper in this court under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

**General Allegations**

8. Plaintiffs were employed by Defendant Westminster Public Schools for the 2021-2022 school year.

9. Defendant Leday is the Chief of Staff of the District's Human Resources Department.

10. Plaintiffs performed their job duties satisfactorily and received positive performance evaluations.

11. In response to the COVID-19 pandemic, the District implemented a vaccine requirement for employees, including teachers. Plaintiffs' positions were covered by the District's vaccination policy.

12. The District required all teachers and staff to receive a COVID-19 vaccine by October 15, 2021.  Plaintiffs were required to receive a COVID-19 vaccine or obtain an exemption from the District by October 15, 2021.

13. Plaintiffs each have sincerely held religious beliefs that conflicted with the District's vaccination policy.

14. Plaintiffs' sincerely held religious beliefs prevent them from receiving a COVID-19 vaccine.

15. Each Plaintiff informed Defendants that their sincerely held religious beliefs prevented them receiving the COVID-19 vaccine.

16. Because Plaintiffs' sincerely held religious beliefs conflict with the District's COVID-19 vaccine requirement, Plaintiffs each sought religious accommodations and/or exemptions from the mandate.

17. Each Plaintiff received the same response to their request for a religious exemption and/or accommodations from the vaccine mandate.

18. The District granted Plaintiffs' requests' for religious exemptions from the COVID-19 vaccine requirement.  Defendant Leday stated that the District was not making a determination as to the validity of Plaintiffs' religious beliefs, but that it was nonetheless granting the exemptions.  Defendant Leday invited Plaintiffs to individual meetings to discuss any accommodations Plaintiffs were seeking.

19. Meetings were held with Plaintiffs and either Defendant Leday or a member of the District's human resources office to discuss accommodations.

20. Following the meetings, Defendant Leday sent Plaintiffs another letter explaining that the District was unable to provide any accommodations for Plaintiffs' request for religious

exemptions. Defendant Leday claimed that no accommodations could be provided without the District incurring an undue hardship.

21. Therefore, the District placed Plaintiffs on indefinite unpaid leave. Plaintiffs were placed on unpaid leave effective on October 18, 2021. While on unpaid leave, Plaintiffs received no pay and lost all benefits.

22. To Plaintiffs, the District's response to their request for a religious accommodation – indefinite unpaid leave with no salary and no benefits from at least October 2021 through then end of the 2021-2022 school year – was for all practical purposes the equivalent of termination.

23. Plaintiffs offered reasonable accommodations. Either in their meetings with the District or later in charges of discrimination, Plaintiffs all proposed accommodations, including but not limited to wearing a mask and regular temperature checks.

24. Plaintiffs' proposed accommodations of wearing a mask and regular temperature checks do not impose an undue burden on the District.

25. The District failed to consider other potential accommodations to accommodate Plaintiffs' religious beliefs.

26. For example, the District did not consider whether it could accommodate Plaintiffs' religious beliefs through mask wearing, regular temperature checks, and requiring Plaintiffs to take unpaid leave for days that Plaintiffs needed to miss because they were quarantining after a COVID-19 exposures in accordance with CDC guidelines.

27. On information and belief, no other school district in the Denver metro area required unvaccinated teachers to be placed on indefinite unpaid leave.

28. The District's denial of Plaintiffs' request for accommodations caused Plaintiffs damages, including loss of income, lost future wages, and emotional distress.

29. All Plaintiffs exhausted their administrative remedies by filing charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Colorado Civil Rights Division ("CCRD").  Plaintiffs received right to sue letters, and this suit is brought within 90 days of receipt of the right to sue letters.

30. In informing Plaintiffs that the District was denying Plaintiffs' requests for accommodations and placing them on unpaid leave, Defendant Leday instructed Plaintiffs that they were not allowed to communicate with any Westminster Public Schools students or staff, either in-person or through electronic communication without the prior approval of the chief of staff.

31. The letter from the Defendants to Plaintiffs stated: "During your leave, you are directed not to have contact with any Westminster Public Schools students or staff in person or through electronic communications, or be present on any Westminster Public Schools premises without the permission of the Chief of Staff.  Failure to adhere to this directive will lead to disciplinary actions up to an including termination of employment."

32. The restraint on Plaintiffs' speech contained no limitations on its scope and by its terms applied to any and all contact with District students or staff regarding any and all subjects whether work-related, strictly personal, or on issues of public importance.

33. The directive contained an explicit threat of disciplinary sanctions, up to and including termination, for any violation of the order.

34. On information and belief, the directive not to have any contact or communications with District students or staff has been given to all District employees placed on unpaid leave

as a result of Defendant's COVID-19 vaccination requirement. This no-contact directive is the official policy of the Defendant.

35. Defendant Leday is a final policymaker with respect to the District's handling of requests for accommodations or exemptions from the District's COVID-19 vaccine requirement.

36. Defendant Leday spoke for the District in determining whether individual employees, including Plaintiff, were entitled to an exemption or accommodation from the District's COVID-19 vaccine mandate.

37. Defendant Leday spoke for the District when he directed Plaintiffs to have no contact or communication with any District student or staff without his prior approval.

38. As a result of Defendant Leday's no-contact directive, Plaintiffs' speech was chilled. The broad no-contact order prevented Plaintiffs from speaking with friends and family who are District staff members.

39. Plaintiffs refrained from speaking with friends who are District staff members about any topic, including topics of public concern.

40. Compliance with the directive caused Plaintiffs distress due to the threat of disciplinary action.

**Plaintiff Rainey**

41. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

42. Plaintiff Rainey was employed as a Culturally and Linguistically Diverse ("CLD") Specialist, a teaching position, at Sunset Ridge Elementary School.

43. Plaintiff Rainey first started working for the District in 2014 and was employed at the District for over seven (7) years when she was placed on indefinite unpaid leave in October 2021.

44. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff Rainey.

45. After Plaintiff Rainey was placed on indefinite unpaid leave by the District in October 2021, Plaintiff Rainey needed income and sought employment from October 2021 through December 2021 when she obtained a position as an interventionist at Boulder Valley School District ("BVSD").  BVSD required Plaintiff Rainey to resign her position at the District, and Plaintiff Rainey resigned her position at the District because she could not afford to continue without employment.  Plaintiff Rainey earned less at BVSD than she did in her position at the District.  Plaintiff Rainey obtained a third-grade teaching position for the 2022-2023 school year at Brighton 27J school district.  Plaintiff Rainey earns less at Brighton 27J than she did in her position at the District.

**Plaintiff Wakely**

46. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

47. Plaintiff Wakely was employed as a classroom teacher at Sunset Ridge Elementary School, teaching in both a third grade classroom and a split second and third grade classroom.

48. Plaintiff Wakely was in her third year working for the District as of October 18, 2021, when she was placed on indefinite unpaid leave.

49. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff Wakely.

50. After Plaintiff Wakely was placed on indefinite unpaid leave by the District in October 2021, Plaintiff Wakely needed income and sought employment.  Plaintiff Wakely obtained employment as a kindergarten teacher at Carbon Valley Academy.  Plaintiff

7

Wakely formally resigned from the District in the summer of 2022 and remains employed at Carbon Valley Academy. Plaintiff Wakely's salary at Carbon Valley is substantially less than at the District.

**Plaintiff Almada**

51. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

52. Plaintiff Almada was employed as a media specialist at Tennyson Knolls Preparatory School.

53. Plaintiff Almada was employed at the District for over three years as of October 18, 2021, when she was placed on indefinite unpaid leave.

54. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff Almada.

55. After Plaintiff Almada was placed on indefinite unpaid leave by the District in October 2021, Plaintiff was unemployed. Plaintiff Almada was denied unemployment benefits. While the District brought Plaintiff back at the start of the 2022-2023 school year, the District refused to allow Plaintiff Almada to return to her previous position or move to a different position, and Plaintiff Almada was forced to resign in November 2022. Plaintiff Almada is currently employed as a secretary in Adams 12 district, making less than she made at the District.

**Plaintiff Lapp**

56. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

57. Plaintiff Lapp was employed as a Title One Interventionist at Tennyson Knolls Elementary School.

58. Plaintiff Lapp was employed at the District for over four (4) years as of October 18, 2021, when she was placed on indefinite unpaid leave.

59. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff Lapp.

60. After Plaintiff Lapp was placed on indefinite unpaid leave by the District in October 2021, Plaintiff Lapp needed income and sought employment. Plaintiff was forced to temporarily move out of state to live with her parents and found temporary employment at a bed and breakfast and as a nanny. Plaintiff Lapp made significantly less than at the District. The District failed to offer Plaintiff Lapp a satisfactory position for the 2022-2023 school year. The District could not tell Plaintiff Lapp in which school she would be employed, informed Plaintiff Lapp that she could be forced to split working between multiple schools, and that the District would have to place Plaintiff Lapp in a position that opened up at the last moment or into position created by the District for Plaintiff Lapp. Such conditions were required Plaintiff to formally resign from the District and obtain employment in another school district. Plaintiff Lapp found employment at Weld 8 school district, and she makes less in her current position than when employed by the District.

**Plaintiff Leivian**

61. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

62. Plaintiff Leivian was employed as a classroom teacher in Sunset Ridge Elementary School teaching levels four and five.

63. Plaintiff Leivian was employed at the District for over 28 years as of October 18, 2021, when she was placed on indefinite unpaid leave.

9

64. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff Leivian.

65. After Plaintiff Leivian was placed on indefinite unpaid leave by the District in October 2021, she needed income and sought employment. Plaintiff Leivan found employment serving as a substitute teacher in three different school districts, making significantly less than her salary at the District. For the 2022-2023 school year, Plaintiff Leivian is employed as a fourth-grade classroom teacher for Weld Re-8 School District, and her salary is significantly less than at the District.

**Plaintiff Powell**

66. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

67. Plaintiff Powell was employed as a Culturally and Linguistically Specialist at Metropolitan Arts Academy.

68. Plaintiff Powell was employed at the District for over 9 years as of October 18, 2021, when she was placed on indefinite unpaid leave.

69. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff Powell.

70. After Plaintiff Powell was placed on indefinite unpaid leave by the District in October 2021, she needed income and sought employment. Plaintiff Powell was forced to formally resign the District in January 2022 in order to obtain a position with another school district. Plaintiff Powell made less than at the District. Plaintiff Powell has since sought employment at other school districts. Plaintiff lost income and made less than at the District in her subsequent positions, until she obtained her current position in December 2022. Plaintiff Powell's current position is her fourth job in a year.

**Plaintiff D. Laschinger**

71. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

72. Plaintiff D. Laschinger was employed by the District as a district-wide occupational therapist.

73. Plaintiff D. Laschinger was employed at the District for over 12 years as of October 18, 2021, when she was placed on indefinite unpaid leave.

74. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff D. Laschinger.

75. After Plaintiff D. Laschinger was placed on indefinite unpaid leave by the District in October 2021, Plaintiff D. Laschinger needed income and sought employment.  Plaintiff D. Laschinger worked in the construction field doing financial work.  Beginning in January 2022, Plaintiff D. Laschinger obtained parttime employment as a paraprofessional in a kindergarten classroom.  Plaintiff D. Laschinger obtained employment as a parttime occupational therapist for a charter school within Brighton 27J school district in June 2022; she formally resigned from the District in August 2022.  Plaintiff D. Laschinger's salary is less than at the District.

**Plaintiff Kreder**

76. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

77. Plaintiff Kreder was employed as a special education teacher at Sunset Ridge Elementary School.

78. Plaintiff Kreder was employed at the District for over nine (9) years as of October 18, 2021, when she was placed on indefinite unpaid leave.

11

79. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff Kreder.

80. After Plaintiff Kreder was placed on indefinite unpaid leave by the District in October 2021, Plaintiff Kreder needed income and sought employment.  Plaintiff Kreder obtained a special education teacher position at Brighton 27J school district where her salary was substantially less than at the District.  After the 2021-2022 school year, the District ended Plaintiff Kreder's unpaid leave, and Plaintiff Kreder is currently working for the District in her previous position as special education teacher at Sunset Ridge Elementary.

**Plaintiff Rivard**

81. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

82. Plaintiff Rivard was employed as a Special Services Teacher at Fairview Elementary School.

83. Plaintiff Rivard was employed at the District for over four (4) years as of October 18, 2021, when she was placed on indefinite unpaid leave.

84. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff Rivard.

85. After Plaintiff Rivard was placed on indefinite unpaid leave by the District in October 2021, Plaintiff Rivard needed income and found employment at a hair salon, making significantly less than at the District.  Plaintiff currently works as a social worker in Wisconsin making less than she made while employed by the District.

**Plaintiff McGurn**

86. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

87. Plaintiff McGurn was employed as a Level 1 teacher at Tennyson Knolls Prepartory.

88. Plaintiff McGurn was employed at the District for over three years as of October 18, 2021, when she was placed on indefinite unpaid leave.

89. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff McGurn.

90. After Plaintiff McGurn was placed on indefinite unpaid leave by the District in October 2021, Plaintiff McGurn needed income and sought employment. Initially, Plaintiff McGurn looked for employment at another school district, but the District informed her that in order to accept a position with another District she would have to resign from the District. Plaintiff McGurn then found employment as a babysitter, and in May 2022 found employment in a sales position. Plaintiff made significantly less than she did at the District. For the 2022-2023 school year, Plaintiff is teaching at Sunset Ridge as a Level 2 teacher in the District.

**Plaintiff A. Laschinger**

91. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

92. Plaintiff A. Laschinger was employed as a special education paraprofessional at Gregory Hill Early Learning Center.

93. Plaintiff A. Laschinger was employed at the District for over three years as of October 18, 2021, when she was placed on indefinite unpaid leave.

94. The District's indefinite unpaid leave was the equivalent of termination to Plaintiff A. Laschinger.

95. After Plaintiff A. Laschinger was placed on indefinite unpaid leave by the District in October 2021, Plaintiff A. Laschinger needed income and sought employment. Plaintiff A. Laschinger worked several different jobs, including as a nanny and volleyball coach,

making significantly less than at the District.  Plaintiff A. Laschinger obtained steady employment as a server with Dave and Busters, and she moved out of state staying with her position as a server with Dave and Busters.  Plaintiff A. Laschinger makes significantly less than when she was employed by the District.

## CLAIMS

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 FOR VIOLATION OF CONSTITUTIONAL RIGHTS – Against All Defendants

96. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

97. 42 U.S.C. § 1983 provides that: "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

98. Plaintiffs are citizens of the United States and Defendants are persons for the persons of 42 U.S.C. § 1983.

99. Westminster Public Schools is a public school district in Colorado.

100. At all times relevant to this suit, Westminster Public Schools was acting under the color of state law.

101. The no-contact directive was the official policy, custom, or practice of Westminster Public Schools.

102. Defendant Leday was a final policymaker for the District.

103. Defendant Leday spoke for the District when he issued the restraint on Plaintiffs' speech.

104. The District's official policy, custom, or practice of restraining the speech of employees receiving a religious exemption from its COVID-19 vaccine requirement was the moving force behind the constitutional injury to Plaintiffs.

105. The District's final policymakers' restraint of Plaintiffs' speech was the moving force behind the constitutional injury to Plaintiffs.

106. Defendant Leday's command to Plaintiffs to have no contact or communications with any District student or staff member is a prior restraint on Plaintiffs' speech and association rights.

107. Defendant Leday's prior restraint on Plaintiffs' speech violated clearly established law, and Defendant Leday is not entitled to qualified immunity.

108. As a direct and proximate result of Defendants' conduct, Plaintiffs were deprived of their Constitutional rights and suffered other damages.

109. Plaintiffs are entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988(b), pre-judgment interest, and costs as allowable by federal law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – Against Westminster Public Schools

110. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

111. Defendants violated Title VII through their wrongful acts alleged herein.

112. Plaintiffs were all qualified for their positions with the District.

113. Plaintiffs all performed their job duties satisfactorily.

114. Plaintiffs all have sincerely held religious beliefs that prevent them from taking the COVID-19 vaccine.

115. Plaintiffs' sincerely held religious beliefs prevented them from complying with the District's COVID-19 vaccination policy.

116. Plaintiffs all informed the District of their sincerely held religious beliefs.

117. Plaintiffs all requested reasonable accommodations for their religious beliefs.

118. The District denied Plaintiffs reasonable accommodations for their religious beliefs.

119. The District could have reasonably accommodated Plaintiffs' religious beliefs without incurring an undue hardship.

120. Rather than provide Plaintiffs' a reasonable accommodation, the District denied Plaintiffs' requests for reasonable accommodations and placed them on indefinite unpaid leave.

121. Indefinite unpaid leave was an adverse employment action that caused a significant change in benefits. While on unpaid leave, Plaintiffs were not paid and their benefits were terminated.

122. By placing Plaintiffs on unpaid leave, the District constructively discharged Plaintiffs.

123. The District did not offer Plaintiffs reasonable accommodations. Indefinite unpaid leave is not a reasonable accommodation and to Plaintiffs was indistinguishable from termination.

124. The District could have reasonably accommodated Plaintiffs' religious beliefs without undue hardship.

125. The District's failure to reasonably accommodate Plaintiffs' religious beliefs caused Plaintiffs damages.

126. As a result of the District's failure to reasonably accommodate Plaintiffs' religious beliefs, Plaintiffs incurred economic damages, including but not limited to lost wages and lost future income.

127. As a result of the District's failure to reasonable accommodate Plaintiffs' religious beliefs, Plaintiffs suffered emotional distress.

128. Plaintiffs are entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988(b), pre-judgment interest, and costs as allowable by federal law.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE COLORADO ANTI-DISCRIMINATION ACT – Against Westminster Public Schools**

129. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

130. Defendants violated CADA through their wrongful acts alleged herein.

131. Plaintiffs were all qualified for their positions with the District.

132. Plaintiffs all performed their job duties satisfactorily.

133. Plaintiffs all have sincerely held religious beliefs that prevent them from taking the COVID-19 vaccine.

134. Plaintiffs' sincerely held religious beliefs prevented them from complying with the District's COVID-19 vaccination policy.

135. Plaintiffs all informed the District of their sincerely held religious beliefs.

136. Plaintiffs all requested reasonable accommodations for their religious beliefs.

137. The District denied Plaintiffs reasonable accommodations for their religious beliefs.

138. The District could have reasonably accommodated Plaintiffs' religious beliefs without incurring an undue hardship.

139. Rather than provide Plaintiffs' a reasonable accommodation, the District denied Plaintiffs' requests for reasonable accommodations and placed them on indefinite unpaid leave.

140. Indefinite unpaid leave was an adverse employment action that caused a significant change in benefits. While on unpaid leave, Plaintiffs were not paid and their benefits were terminated.

141. By placing Plaintiffs on unpaid leave, the District constructively discharged Plaintiffs.

142. The District did not offer Plaintiffs reasonable accommodations. Indefinite unpaid leave is not a reasonable accommodation and to Plaintiffs was indistinguishable from termination.

143. The District could have reasonably accommodated Plaintiffs' religious beliefs without undue hardship.

144. The District's failure to reasonably accommodate Plaintiffs' religious beliefs caused Plaintiffs damages.

145. As a result of the District's failure to reasonably accommodate Plaintiffs' religious beliefs, Plaintiffs incurred economic damages, including but not limited to lost wages and lost future income.

146. As a result of the District's failure to reasonable accommodate Plaintiffs' religious beliefs, Plaintiffs suffered emotional distress.

## REQUEST FOR RELIEF

147. Plaintiffs reincorporate and reallege all other paragraphs as if fully set forth herein.

148. Plaintiffs request that the court enter judgment in their favor and against Defendants as follows:

   a. Awarding Plaintiffs nominal and compensatory damages, including for emotional upset, stress, and anxiety in an amount to be established at trial;

   b. Awarding Plaintiffs economic damages, including for lost income, lost benefits, lost future wages, and out-of-pocket expenses in amounts to be established at trial;

   c. Awarding Plaintiffs costs and attorney fees;

   d. Awarding the Plaintiffs any additional and further relief that the court finds equitable, appropriate, or just.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

*s/ Igor Raykin*
Igor Raykin, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
Telephone: (720) 767-1846
E-mail: igor@coloradolawteam.com
Attorney for Plaintiff

*s/ Michael Nolt*

Michael Nolt, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-588-9713
michael@coloradolawteam.com
Attorney for Plaintiff