IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 22-cv-03166-RMR-KAS

KAYLA RAINEY,
SARA WAKELY,
RAISA ALMADA,
LEIGH ANNE LAPP,
KATHLEEN LEIVIAN,
KATHERINE POWEL,
DEBORAH LASCHINGER,
DARLENE KREDER,
ANNE RIVARD,
BRIDGETTE MCGURN, and
ALEXANDRIA LASCHINGER,

    Plaintiffs,

v.

WESTMINSTER PUBLIC SCHOOLS, and
KIRCHERS LEDAY, in his personal and official capacity as Chief of Staff, Human Resources Department,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix entered on April 18, 2023, ECF No. 28, addressing

Defendants' Motion to Dismiss the Complaint (ECF No. 24).[1] Magistrate Judge Mix recommends that the Defendants' motion be granted in part and denied in part.[2]

Plaintiffs timely filed an objection to the Recommendation at ECF No. 29. Defendants filed a response at ECF No. 30.[3] The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules the Plaintiffs' objection. Accordingly, the Court adopts the Recommendation in part and rejects it in part, and the Court ultimately concludes that all claims in Plaintiffs' Complaint should be dismissed without prejudice.

## I.     LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

---

[1] On August 7, 2023, this action was reassigned to Magistrate Judge Kathryn A. Starnella. ECF No. 32.
[2] Magistrate Judge Mix recommends that the Defendants' motion be denied only to the extent that it is construed as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Neither party has objected to the Recommendation's conclusion that Plaintiffs have standing to bring their First Amendment claim. The Court agrees with the magistrate judge's analysis on this issue and concludes that there is no clear error on the face of the record with regard to this or any other portion of the Recommendation to which neither party objected. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[3] Plaintiffs also filed a notice of supplemental authority on July 6, 2023, which the Court has reviewed and considered. ECF No. 31.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[4] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II.     ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Plaintiffs first object to the Recommendation to the extent that Magistrate Judge Mix recommends dismissal of their Title VII claim against Defendant Westminster Public Schools ("WPS") because Plaintiffs did not adequately plead constructive discharge.

---

[4] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).  *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

Plaintiffs contend that neither the statutory language nor case law requires them to show more than an adverse employment action in their failure to accommodate claims. Reviewing the Plaintiffs' arguments, and considering the motion to dismiss *de novo*, the Court preliminarily agrees with Plaintiffs that Tenth Circuit precedent does not mandate such a strict construction, nor must Plaintiffs necessarily establish that they were terminated or constructively discharged in order to sustain a failure to accommodate claim. *See Exby-Stolley v. Bd. of Cnty. Commissioners*, 979 F.3d 784, 794 n.3 (10th Cir. 2020) (acknowledging that "we have required an adverse employment action to support Title VII religious-accommodation claims"); *see also Medina v. Safeway Inc.*, No. 20-CV-03726-NYW, 2022 WL 672488, at *7 (D. Colo. Mar. 7, 2022) (citing *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000)) (recognizing that the third prong of a prima facie case for religious accommodation under Title VII requires the plaintiff to demonstrate that "she suffered an adverse employment action for failing to comply with the conflicting employment requirement"). The Court thus declines to adopt the portion of the Recommendation holding that a failure to accommodate claim requires that the employee was fired or constructively discharged. *See* ECF No. 28 at 17–18, 22.

However, even accepting Plaintiffs' contention that an adverse employment action suffices for purposes of their Title VII failure to accommodate claim, the Court nonetheless agrees with the Recommendation's ultimate determination that Plaintiffs' allegations do not adequately allege such a claim here. Plaintiffs cite to no controlling authority supporting their argument that their placement on temporary unpaid leave "was for all practical purposes the equivalent of termination" and an adverse employment action. *See*

4

ECF No. 29 at 6. To the contrary, as Magistrate Judge Mix recognized, the Supreme Court has observed that "[g]enerally speaking, [t]he direct effect of [unpaid leave] is merely a loss of income for the period the employee is not at work; such an exclusion has no direct effect upon either employment opportunities or job status." *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 71 (1986). *See also Christmon v. B&B Airparts, Inc.*, 735 F. App'x 510, 514 (10th Cir. 2018) (quoting *Pinsker v. Joint Dist. No. 28J*, 735 F.2d 388, 391 (10th Cir. 1984)) ("[U]npaid leave eliminates the conflict between employment requirements and religious practices by allowing the individual to observe [religious practices] and requires him only to give up compensation for a day that he did not in fact work."); *but see Haskew v. S.W. Airlines Co.*, CV 19-732 JAP/LF, 2020 WL 6781754, at *4 (D.N.M. Nov. 18, 2020) (stating that "being placed on unpaid leave is an adverse employment action").

Here, the allegations in the Complaint demonstrate that Plaintiffs were neither discharged, disciplined, nor rejected from being rehired; rather, they were placed on temporary unpaid leave pending changes in the State of Colorado's COVID-19 policies and reevaluation of district safety concerns and quarantine protocols, and were asked to return to work at the end of their leave. Plaintiffs' arguments do not persuade the Court that Magistrate Judge Mix's findings were incorrect. The Court therefore declines to find that Magistrate Judge Mix erred in concluding that Plaintiffs have failed to plead a plausible failure to accommodate claim under these circumstances.

The Court finds that dismissal of Plaintiffs' Title VII claim is additionally warranted under the first element of the failure to accommodate test—namely, that Plaintiffs allege

that they had a bona fide religious belief that conflicts with an employment requirement. *See Thomas*, 225 F.3d at 1155. Magistrate Judge Mix "assume[d] that this threshold requirement ha[d] been met" for purposes of the Recommendation, noting that "neither party has offered argument regarding whether Plaintiffs' beliefs regarding the COVID-19 vaccination constitute religious beliefs under Title VII." ECF No. 28 at 18. Upon *de novo* review of the pleadings, the Court is not persuaded that such an assumption is warranted here. Plaintiffs do not allege any non-conclusory facts about their religious beliefs or the purported conflict between those beliefs and WPS's vaccination requirement. The Complaint alleges only that "Plaintiffs each have sincerely held religious beliefs that conflicted with the District's vaccination policy" and that "Plaintiffs' sincerely held religious beliefs prevent them from receiving a COVID-19 vaccine." ECF No. 1 at ¶¶ 13–14. While the Court is required to construe the pleaded facts in the light most favorable to Plaintiffs, it need not take conclusory assertions at face value. Threadbare references to Plaintiffs' religious beliefs are insufficient to satisfy the first element of a failure to accommodate claim at the motion to dismiss stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also, e.g., Kather v. Asante Health Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533 (D. Or. July 28, 2023) (dismissing Title VII claim where complaint failed to sufficiently allege religious beliefs that conflict with obtaining a COVID-19 vaccine); *Cagle v. Weill Cornell Med.*, No. 22-CV-6951 (LJL), 2023 WL 4296119, at *4 (S.D.N.Y. June 30, 2023) ("Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination under Title VII."); *Friend v. AstraZeneca Pharms. LP*, 2023 WL 3390820, at *3 (D. Md.

May 11, 2023) ("While Plaintiff's Complaint asserts that he 'had bona fide religious beliefs that conflicted with AstraZeneca's COVID-19 vaccine mandate,' it alleges no facts to allow this Court to assess what Plaintiff's religious beliefs are and how they conflict."); *Gage v. Mayo Clinic*, No. CV-22-02091-PHX-SMM, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023) ("Plaintiff does not explain her religious beliefs. Nor does she explain how practicing them conflicted with her employment duties at the Mayo Clinic."); *McKinely v. Princeton Univ.*, 2023 WL 3168026, at *2 (D.N.J. Apr. 28, 2023) ("Without Plaintiff providing facts showing what sincerely held religious belief she holds that prevented her from complying with COVID-19 Policies, Plaintiff fails to adequately allege a cognizable claim for religious discrimination."). Accordingly, because Plaintiffs have failed to allege sufficient facts supporting their claim of religious discrimination under Title VII, the Court adopts the Recommendation to the extent that it recommends dismissal of Plaintiffs' Title VII claim and grants Defendants' motion to dismiss as to that claim.

Plaintiffs secondarily object to Magistrate Judge Mix's recommendation that Plaintiff's First Amendment claim against Defendant WPS be dismissed because Plaintiffs failed to adequately plead that WPS's temporary no-contact directive had a chilling effect on their speech involving a matter of public concern. Plaintiffs argue that they did not need to provide more detailed factual allegations about the topics on which they refrained from speaking because they "directly allege that they refrained from speaking on *any* topic," which "necessarily includes matters of public concern." ECF No. 29 at 9. In the Tenth Circuit, however, Plaintiffs are required to do more than make a bare assertion that they were discouraged from speaking as a result of government action. *See, e.g., Ridge at*

7

*Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) ("[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (citation omitted); *Berger v. City & Cnty. of Denver*, No. 18-CV-01836-KLM, 2019 WL 2450955, at *7 (D. Colo. June 11, 2019) ("Without further factual allegations regarding [Plaintiff's] anticipated testimony, the Court cannot determine whether or not it would have involved a matter of public concern. As such, the Court finds that Plaintiff has not sufficiently alleged his prior restraint claim.").

Reviewing this issue *de novo*, the Court agrees with Magistrate Judge Mix's conclusion that "[i]t is not enough to make conclusory statements that, 'Plaintiffs refrained from speaking with friends who are District staff members about any topic, including topics of public concern,' without further indication as to what those topics were." ECF No. 28 at 14; *see Sells v. Upper Pine River Fire Prot. Dist.*, No. 18-CV-02194-CMA-KLM, 2021 WL 1172680, at *3 (D. Colo. Mar. 29, 2021) (quoting *Wilson v. City of Littleton*, Colo., 732 F.2d 765, 769 (10th Cir. 1984)) ("A discussion is not of 'public concern' merely because 'its subject matter could in certain circumstances, be the topic of a communication to the public that might be of general interest. . . . What is actually said on that topic must itself be of public concern.'"). Plaintiffs point to no authority that would require a different result or countenance their barebones allegations without more. The Court therefore accepts

8

and adopts Magistrate Judge Mix's Recommendation that Defendants' motion to dismiss be granted with respect to Plaintiffs' First Amendment claim.

Finally, the Court agrees with the Recommendation to the extent that it deems declining jurisdiction over Plaintiffs' Colorado Anti-Discrimination Act ("CADA") claim appropriate in this case. ECF No. 28 at 23. Because the Court grants Defendants' motion to dismiss as to all of Plaintiffs' claims arising under federal law, it declines to exercise supplemental jurisdiction over the remaining state law claim. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

### III.   CONCLUSION

For the reasons set forth above and in the Recommendation, the Defendants' motion to dismiss is GRANTED; however, Plaintiffs' claims are dismissed WITHOUT PREJUDICE. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should only attach to a dismissal when plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues"). Given the nature of the pleading deficiencies at issue, the Court—without commenting on the merits of a potential motion for leave to amend—will not preclude Plaintiffs from filing a motion for leave to amend.

Accordingly, the Court ORDERS:

1. Plaintiffs' Objection to the Recommendation, ECF No. 29, is OVERRULED;
2. The Recommendation, ECF No. 28, is ADOPTED IN PART as set forth above;

3. The Defendants' Motion to Dismiss, ECF No. 24, is GRANTED; and

4. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. If Plaintiffs choose to file a motion to amend, they must do so by Friday, October 27, 2023.

DATED:  September 27, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge